PROB 12B
(7/93)

# United States District Court

for

*District of Guam*

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Miguel Tiongco Santos**   Case Number: **CR 01-00126-001**

Name of Sentencing Judicial Officer: Consuelo B. Marshall

Date of Original Sentence: August 2, 2005

Original Offense: Conspiracy to Import Crystal Methamphetamine a.k.a. "Ice," in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 963.

Original Sentence: 24 months imprisonment, followed by a five year term of supervised release with conditions: not commit another federal, state, or local crime; not unlawfully possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not possess a firearm, ammunition, destructive device, or any other dangerous weapon; comply with the standard conditions of supervision; participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to use of drugs or alcohol; perform 300 hours of community service; and pay a $100 special assessment fee.

Type of Supervision: Supervised Release   Date Supervision: Commenced: June 29, 2007

**PETITIONING THE COURT**

☐ To extend the term of              years, for         years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision with
Consent of Offender                                                                                                                                                page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Santos' history of drug use, and the drug detection period of his drug of choice. As his offense of conviction is methamphetamine related, with the drug having a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Santos. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Mr. Santos must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Mr. Santos tested negative on two urinalysis conducted thus far. He has been referred for drug testing. Mr. Santos' community service requirement will commence on July 25, 2007 at the U.S. Fish and Wildlife Refuge. He paid his $100 special assessment fee on August 2, 2005, and submitted to a DNA sampling of his blood while in custody at the Bureau of Prisons on October 30, 2006.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Santos' consent to the modification.

Reviewed by:                                                          Respectfully submitted,

  /s/ CARMEN D. O'MALLAN                    /s/ JOHN W. SAN NICOLAS II
U.S. Probation Officer Specialist                          U.S. Probation Officer
Supervision Unit Leader

Date: July 30, 2007                                                   Date: July 30, 2007

## THE COURT ORDERS

☐ No Action.

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other:



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Aug 01, 2007**